**Kyle A. Sturm**, OSB No. 080214
kyle.sturm@foremansturm.com
**Nicholas A. Thede**, OSB No. 075460
nick.thede@foremansturm.com
**FOREMAN STURM & THEDE, LLP**
P.O. Box 13098
Portland, Oregon 97213
Telephone:     (503) 206-5824

**Nicholas A Kahl**, OSB No. 101145
Email: nick@nickkahl.com
**NICK KAHL, LLC**
209 SW Oak Street, Suite 400
Portland, OR 97204
Telephone:     (971) 634-0829
Facsimile:     (503) 227-6840

**Craig Lowell**, *pro hac vice application forthcoming*
clowell@wigginschilds.com
**WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC**
The Kress Building,
301 19th Street North
Birmingham, AL 35203
Telephone:     (205) 809-7707
Facsimile:     (205) 254-1500

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| RV AGATE BEACH, LLC, an Oregon limited liability company, and RIVERHOUSE PROPERTY, LLC, a Delaware limited liability company, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>    Defendant. | Case No. 3:21-cv-460<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs RV Agate Beach, LLC and Riverhouse Property, LLC, (collectively, hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by their undersigned counsel, alleges the following upon personal knowledge as to their own acts, and upon information and belief as to all other matters. Plaintiffs' information and belief are based upon an investigation conducted by counsel.

## INTRODUCTION

1. This is a civil action to recover damages for Oregon businesses caused by the Defendant Hartford Fire Insurance Company's ("Hartford" or "Defendant") refusal to provide coverage for damages and losses sustained by Oregon businesses as a result of governmental orders that have either closed or significantly limited the operations of those Oregon businesses. Contrary to the coverage provisions in its insurance policies, and in violation of Oregon law, Defendant has universally denied coverage to Plaintiffs and members of the Classes and have refused to honor the contractual obligations Defendant has under the policies.

## THE PARTIES

2. Plaintiff RV Agate Beach, LLC ("Agate Beach") is an Oregon limited liability company. Agate Beach owns the Best Western hotel located at 3019 Coast Highway, Newport, Oregon.

3. Plaintiff Riverhouse Property, LLC ("Riverhouse") is a Delaware limited liability company. Riverhouse owns the Riverhouse hotel located at 3075 N Business Highway 97, Bend, Oregon.

4. Defendant Hartford Fire Insurance Company ("Hartford" or "Defendant") is a Connecticut insurance company having its principal place of business in Hartford, Connecticut. Hartford was licensed to issue, and did issue, the insurance policy at issue in this litigation.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over Defendant because it advertised, marketed, sold, and distributed the policies of insurance in Oregon to Oregon consumers, including the policy of insurance purchased by Plaintiffs to cover their Oregon businesses.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the proposed Class are citizens of different states than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the District of Oregon, Defendant conducted substantial business here, solicited substantial business here, and received substantial payments here.

## FACTS

8. To protect their business and business income, among other things, Defendant issued to Plaintiffs an "all risk" insurance policy.

9. Plaintiffs paid, and Defendant accepted, all premiums as they became due.

10. The Policy constitutes a valid and enforceable contract between Plaintiffs and Defendant.

11. The Policy promises to pay Plaintiffs for all risks of direct physical loss of or direct physical damage to covered property, and includes, among other coverages, Business Interruption coverage, Extra Expense coverage, and Civil Authority coverage.

12.     In or about January 2020, the United States of America saw its first cases of people infected with COVID-19.

13.     Beginning in March 2020, Plaintiffs were forced to suspend, in whole or in part, their business operations due to certain orders and directives issued by Oregon Governor Kate Brown and local civil authorities which, among other things, restricted access to and operation of Plaintiffs' business, limited groups of people, curtailed travel, and generally limited commercial activity, each and all of which caused Plaintiffs to suffer loss or damage (the "Orders").

14.     As a direct result of the Orders, Plaintiffs were unable to operate their business, in whole or in part, while the Orders remained in effect. In addition, and due to the geographical breadth of the Orders, access to premises other than Plaintiffs' were also prohibited and limited, resulting in loss or damage to those premises as well. When Plaintiffs and other similarly situated businesses were permitted to re-open, they could only do so with significant alterations to their premises and business models at great cost, including, among other things, loss of use of space, installation of barriers, increased cleaning and sanitation protocols, changing business hours and employee hours, decreased customer traffic, and generally more expensive operations in order to comply with the Orders.

15.     As a result, Plaintiffs' business property cannot be used for its intended purposes and their business activities have necessarily been suspended or interrupted.

16.     Plaintiffs sustained direct physical loss or direct physical damage, as described herein, because of the issuance of the Orders.

17.     The direct, predominant, and efficient cause of Plaintiffs' direct physical loss or direct physical damage is the Orders.

18. Plaintiffs have and will continue to sustain direct physical loss or direct physical damage covered by the Policy, including, among other coverages, Business Income coverage, Extra Expense coverage, and/or Civil Authority coverage.

19. Plaintiffs tendered a claim under the Policy to Defendant for the loss and/or damage outlined herein.

20. The Policy initially premises coverage upon the trigger of "direct physical loss" or "direct physical damage." Neither term is expressly defined in the Policy. Defendant chose to utilize the term "loss" when describing intangible economic harm in the Policy. For example, in the PROPERTY CHOICE ELITE BUSINESS INCOME COVERAGE FORM, Defendant promises to cover "the actual loss of Business Income[.]" On the other hand, Defendant chose to utilize the term "damage' when referring to material harm. In the same coverage form, Defendant provides coverage for the costs incurred for "repair or replacement of damaged" glass. The terms "loss" and "damage" are, at least at times, used to refer to distinct harms; that is, economic harm and material harm. Other times, they are seemingly used interchangeably.

21. The Policy promises that Defendant will provide Business Income Coverage for "actual loss of Business Income you sustain due to the necessary interruption of your business operations during the Period of Restoration due to direct physical loss or direct physical damage to property caused by or resulting from a Covered Cause of Loss[.]" Plaintiffs' "actual loss of Business Income" was directly, efficiently, and proximately caused by the Orders, which resulted in the "direct physical loss" and "directly physical damage" described herein.

22. The Policy further promises that Defendant will provide Extra Expense Coverage for the "actual, necessary and reasonable Extra Expense you incur due to the necessary interruption of your business operations during the Period of Restoration due to direct physical loss of or direct

physical damage to property caused by or resulting from a Covered Cause of Loss[.]" The Extra Expense Coverage includes, among other things, costs to "[a]void or minimize the suspension of business and continue operations" or "[m]inimize the suspension of business if you cannot continue operations." The Extra Expense Coverage form further clarifies insurance benefits are available to "repair or replace property" to the extent such payment "reduces the amount of loss" payable by Defendant. Plaintiffs sustained Extra Expense damages that were directly, efficiently, and proximately caused by the Orders, which resulted in the "direct physical loss" and "direct physical damage" described herein.

23.   The Policy also includes Civil Authority Coverage for the Plaintiffs' "actual loss of Business Income" or "actual, necessary and reasonable Extra Expense" because "access to [Plaintiffs'] 'Insured Premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'Insured Premises.'" The Orders caused "direct physical loss" or "direct physical damage" to other properties in the immediate area of Plaintiffs' premises and Plaintiffs incurred "actual loss of Busines Income" or "actual, necessary and reasonably Extra Expense" because the civil authority prohibited access to Plaintiffs' property.

24.   Despite the promised coverages set forth above, among others, Defendant cursorily denied Plaintiff's claim for coverage under the Policy.

25.   Despite the Policy language and the coverages it promises, Defendant refuses to acknowledge that "direct physical loss" and "direct physical damage" refer to distinct harms, resulting in additional protection for Plaintiffs' loss and damage directly, efficiently, and proximately caused by the Orders.

26.  As a result of the above, Plaintiffs have experienced and will continue to experience loss or damage covered by the Policy, and continued harm naturally and foreseeably occurring as a result of Defendant's refusal to accept coverage and pay for Plaintiffs' covered loss and damage.

27.  Upon information and belief, Defendant denied coverage for other similarly situated policyholders.

## CLASS ACTION ALLEGATIONS

28.  This matter is brough by Plaintiffs on behalf of themselves and those businesses similarly situated under Federal Rules of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rules of Civil Procedure 23.

29.  As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs bring their claims on behalf of themselves and a class ("Direct Physical Loss or Direct Physical Damage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued or underwritten by Defendant providing all risk coverage for direct physical loss or direct physical damage to covered property that sustained direct physical loss or direct physical damage to its business as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise has failed to acknowledge, accept, or pay for the covered loss or damage.

30.  As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs brings their claims on behalf of themselves and a class ("Business Interruption Coverage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued or underwritten by Defendant with Business Interruption coverage whose business activities were actually and necessarily suspended or interrupted as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise has failed to acknowledge, accept, or pay for the covered loss or damage.

31.     As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs brings their claims on behalf of themselves and a class ("Extra Expenses Coverage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued or underwritten by Defendant with Extra Expense coverage that incurred expenses while seeking to minimize the suspension of business at the covered premises as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise has failed to acknowledge, accept, or pay for the covered loss or damage.

32.     As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs brings their claims on behalf of themselves and a class ("Civil Authority Coverage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued by or underwritten by Defendant with Civil Authority coverage that sustained actual loss of Business Income and necessary Extra Expense caused by action of civil authority that prohibits access to Plaintiff's business as a direct, efficient, and proximate case of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

33.     Excluded from each Class are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors or assigns; the judicial officers and associated court staff assigned to this case; the immediate family members of such officers and staff; governmental entities; and Class Counsel and their employees. Plaintiffs reserve the right to amend the Class definition based on information obtained during discovery.

34.     **Numerosity.**  The members of the Class are so numerous that joinder of all members is impractical.  Upon information and belief, the number of members in the proposed Class is in the hundreds, if not thousands.  The precise number of Class members will be ascertained through discovery, which will include Defendant's record of policyholders. Class

members may be notified of the pendency of this action by recognized, Court-approved dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

  35. **Commonality.** There are many questions of law and fact common to Plaintiffs and Class Members. These common questions of law and fact include, but are not limited to:

  a. Whether the Class members suffered loss or damage under insurance policies issued to members of the Class.

  b. Whether Defendant wrongfully denied claims for coverage related to loss or damages based on the facts set forth herein.

  c. Whether Defendant's Business Income coverage applies based on the facts set forth herein.

  d. Whether Defendant's Extra Expense coverage applies based on the facts set forth herein.

  e. Whether Defendant's Civil Authority coverage applies based on the facts set forth herein.

  f. Whether Defendant breached its insurance policies through a uniform and blanket denial of claims for loss or damage under the circumstances alleged herein.

  g. Whether Plaintiffs and the members of the proposed Class have suffered damages as a result of Defendant's actions.

  h. Whether Plaintiffs and the members of the proposed Class are entitled to equitable or declaratory relief because of Defendant's conduct and, if so, the nature of such relief.

      i.      Whether Plaintiffs and the members of the proposed Class are entitled to an award of reasonable attorneys' fees, interests, and costs.

36.    **Typicality.**  Plaintiffs' claims are typical of the claims of the members of the proposed Class and arise from the same course of conduct by Defendant. Plaintiffs and the members of the proposed Class are all similarly affected by Defendant's refusal to pay under their property insurance policies. Plaintiffs' claims are based upon the same legal theories as those of other class members. Plaintiffs and the other Class members have sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged. The relief Plaintiffs seek is typical of the relief sought for the absent Class members.

37.    **Adequacy.**  Plaintiffs will fully and adequately assert and protect the interests of the proposed Classes and has retained Class counsel who are experienced and qualified in prosecuting Class Actions and have the financial resources to do so. Neither Plaintiffs nor its attorneys have any interest contrary to or in conflict with the Class.

38.    **Risk of Inconsistent or Varying Adjudications and Impairment to Oregon Class Members' Interests.**  Plaintiffs seeks class-wide adjudication as to the interpretation, and resultant scope, of coverage available under Defendant's insurance policies, which is common to all members of the proposed Class. The prosecution of separate actions by individual members of the Class would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiffs could also impair the ability of absent Class members to protect their interests. Consequently, the proposed Class satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(1).

39.     **Declaratory and Injunctive Relief.** Defendant acted or refused to act on grounds generally applicable to Plaintiffs and other members of the proposed Class making declaratory relief appropriate on a Class-wide basis. The Class members' claims all derive directly from Defendant's systematic and uniform refusal to pay policyholders for any loss or damage suffered as the direct, efficient, and proximate cause of the Orders. Defendant's actions or refusal to act are grounded upon the same generally applicable legal theories. Plaintiffs and Class members are entitled to a declaration regarding their rights and obligations under such agreements, including whether Defendant is obligated to pay claims under the Policies and similar policies based on the facts and circumstances alleged above and the "all risk" nature of such insurance policies and whether the claims at issue constituted covered causes of loss or damage. Consequently, the proposed Class also satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(2).

40.     **Superiority.** A class action is superior to all other available methods of fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the members of the proposed Class are likely to be in the millions of dollars, the individual damages incurred by each Class member may be too small to warrant the expense of individual lawsuits. Individual litigation creates the risk of inconsistent and/or contradictory decisions and the Court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single Court. The common questions of law and of fact regarding Defendant's conduct and the interpretation of the common language in their property insurance policies predominate over any questions affecting only individual Class members. Compared to the expense, burden, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action

as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives. Consequently, the proposed Class also satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(3).

41.     Plaintiff sand other members of the proposed Class have suffered damages as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, Defendant will retain substantial funds received as a result of its wrongdoing, and such unlawful and improper conduct shall, in large measure, not go remedied.  Absent a class action, the members of the proposed Class will not be able to effectively litigate these claims and will suffer further losses, as Defendant will be allowed to continue such conduct with impunity and retain the proceeds of its ill-gotten gains.

42.     Particularly as to the interpretation of the uniform provisions of the Policy set forth above, certification may also be appropriate with respect each particular issue under Federal Rule of Civil Procedure 23(c).  Plaintiffs reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

43.     Plaintiffs incorporates the preceding paragraphs as if fully stated herein.

44.     There is an actual and justiciable dispute regarding whether Plaintiffs and the members of the Classes are entitled to coverage under Defendant's insurance policy for the loss or damage described herein.

45.     **Direct Physical Loss or Damages.** Plaintiffs and members of the Classes are entitled to a declaration as follows:

P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

    a.    Plaintiffs and members of the Classes suffered "direct physical loss or direct physical damage" as defined by Defendant's insurance policy; and

    b.    The Orders were the direct, predominant, and efficient cause of the "direct physical loss or directly physical damage" suffered by Plaintiffs and members of the Class.

46.    **Business Interruption.** Plaintiffs and members of the Classes are entitled to a declaration as follows:

    a.    The damages sustained by Plaintiffs and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for business interruption;

    b.    No exclusion under Defendant's policies apply to bar or limit coverage for Plaintiffs' and the members of the Classes' claims;

    c.    Plaintiffs and members of the Class incurred, as provided in Defendant's insurance policies:

        i.    actual loss of business income;

        ii.    sustained due to the necessary suspension of their operations;

        iii.    during the period of restoration;

        iv.    due to direct physical loss or direct physical damage;

        v.    to property caused by or resulting from a covered cause of loss at the premises insured.

47.    **Extra Expense.** Plaintiffs and members of the Classes are entitled to a declaration as follows:

a.  The damages sustained by Plaintiffs and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for extra expense;

b.  No exclusion under Defendant's policies apply to bar or limit coverage for Plaintiff's and the members of the Classes' claims;

c.  Plaintiffs and members of the Class incurred, as provided in Defendant's insurance policies:

   i. Actual, necessary and reasonable extra expense;
   ii. due to the necessary interruption of their operations;
   iii. during the period of restoration
   iv. due to direct physical loss of or direct physical damage;
   v. to property caused by or resulting from a covered cause of loss at the insured premises;
   vi. that would not have been incurred if there had been no direct physical loss or no direct physical damage to property caused by or resulting from a covered cause of loss.

48. **Civil Authority.** Plaintiffs and members of the Classes are entitled to a declaration as follows:

a.  The damages sustained by Plaintiffs and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for civil authority;

b.  No exclusion under Defendant's policy apply to bar or limit coverage for Plaintiffs' and the members of the Classes' claims;

    c.    Plaintiffs and members of the Class incurred, as provided in Defendant's insurance policies:

        i.  actual loss of business income sustained or actual, necessary and reasonable extra expense;

        ii.  sustained when access to the insured premises when specifically prohibited by order of a civil authority;

        iii.  as the direct result of a covered cause of loss to property in the immediate area of the insured premises.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

49.    Plaintiffs incorporate the preceding paragraphs as though fully stated herein.

50.    Defendant incorrectly denied coverage for Plaintiffs' claim for the loss or damage described more fully above.

51.    Upon information and belief, Defendant incorrectly denied coverage for similarly situated policyholders' claims, who are members of the Classes, on the same grounds as Defendant incorrectly denied coverage for Plaintiffs' claim for loss or damage.

52.    Defendant's denials of coverage constitute a breach of the Policy.

53.    Plaintiffs and members of the Classes have suffered harm, in an amount to be proven at the time of trial, because of Defendant's incorrect denial of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendant and the following relief:

1.    An order certifying this matter as a Class Action under Fed. R. Civ. P. 23.

2. On the First Claim for Relief, a declaration that Plaintiffs and members of the proposed class are entitled to coverage under the Policy for the loss and/or damage described herein.

3. On the Second Claim for Relief, damages in an amount to be proven at the time of trial.

4. Pre- and post-judgment interest at the maximum legal rate.

5. Attorney fees, costs, and disbursements pursuant to ORS 742.061.

6. Such other relief as the Court deems just and proper.

DATED this 26th day of March, 2021.

FOREMAN STURM & THEDE LLP

By: */s/ Kyle A. Sturm*
**Kyle A. Sturm, OSB No. 080214**
kyle.sturm@foremansturm.com

By: */s/ Nicholas A. Thede*
**Nicholas A. Thede, OSB No. 075460**
nick.thede@foremansturm.com

NICK KAHL LLC

By: */s/ Nicholas A. Kahl*
**Nicholas A. Kahl, OSB No. 101145**
nick@nickkahl.com

WIGGINS CHILDS PANTAZIS FISHER GOLDFARB LLC

By: */s/ Craig Lowell*
**Craig Lowell,** *pro hac vice application to be filed*
clowell@wigginschilds.com

Attorneys for Plaintiffs