IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RV AGATE BEACH, LLC,** *an Oregon*
*limited liability company,* and
**RIVERHOUSE PROPERTY LLC,** *a*
*Delaware limited liability company,*
*individually and on behalf of others similarly*
*situated,*

No. 3:21-cv-00460-MO

                        Plaintiffs,

OPINION AND ORDER

    v.

**HARTFORD FIRE INSURANCE**
**COMPANY,** *a Connecticut corporation,*

                        Defendant.


**MOSMAN, J.,**

    Defendant Hartford Fire Insurance Company filed a Motion to Dismiss [ECF 8] for

failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Defendant argues that dismissal is proper because Plaintiffs fail to demonstrate that their loss

falls within their insurance policy. [ECF 8] at 1. I agree and GRANT Defendant's Motion to

Dismiss [ECF 8] and dismiss this case with prejudice.

## BACKGROUND

    Plaintiffs are two hotels located in Oregon that were unable to operate their business due

to various governmental orders intended to slow the spread of COVID-19. Compl. [ECF 1] ¶¶ 2–

1 – OPINION AND ORDER

3, 13. Plaintiffs allege that they sustained direct physical loss and damage, as covered by the insurance policy under the Business Interruption coverage, Extra Expense coverage, and Civil Authority coverage, due to the orders. *Id.* ¶ 11, 16. The complaint also seeks class certification. *Id.* ¶¶ 28–42.

Plaintiffs seek declaratory relief and damages for breach of contract. *Id.* ¶¶ 43–53. Specifically, Plaintiffs state that they are entitled to the following declaration: That they suffered "direct physical loss or direct physical damage" as defined by the insurance policy. *Id.* ¶ 45(a).

Defendant seeks to dismiss Plaintiffs' complaint in its entirety and argue that (1) the virus exclusion in the insurance policy applies barring coverage, (2) Plaintiffs have not alleged direct physical loss of their property, and (3) they cannot state a claim for civil authority coverage. Def.'s Mot. to Dismiss [ECF 8] at 1–2.

## DISCUSSION

Here, Plaintiffs have not pled "direct physical loss or direct physical damage" to their property because their pleadings only demonstrate economic and not physical harms. At the time Defendant filed its Motion to Dismiss, no Oregon court had yet ruled on an insurance claim for losses arising from COVID-19. Def.'s Mot. to Dismiss [ECF 8] at 17. At the end of August and the beginning of September, Chief Judge Hernández entered five opinions and orders[1] finding no coverage for COVID-19 business interruption claims under Oregon law.[2] In these cases, he analyzed the meaning of the phrase "direct physical loss or damage" under Oregon law. *See e.g.,*

---

[1] *Dakota Ventures, LLC v. Or. Mut. Ins. Co.*, No. 3:20-cv-00630-HZ, 2021 WL 3572657 (D. Or. Aug. 11, 2021); *Nue, LLC v. Or. Mut. Ins. Co.*, No. 3:20-cv-01449-HZ, 2021 WL 4071862 (D. Or. Sept. 4, 2021*); Nari Suda LLC v. Or. Mut. Ins. Co.*, No. 3:20-cv-01476-HZ, 2021 WL 4067684 (D. Or. Sept. 6, 2021); *Hillbro LLC v. Or. Mut. Ins. Co.*, No. 3:21-cv-00382-HZ, 2021 WL 4071864 (D. Or. Sept. 7, 2021); *N. Pac. Mgmt., Inc. v. Liberty Mut. Fire Ins. Co.,* No. 3:21-cv-00404-HZ, 2021 WL 4073278, (D. Or. Sept. 7, 2021).

[2] On October 1, 2021 the Ninth Circuit filed an opinion affirming a district court's dismissal of appellant's claims against its insurer because the appellant failed to allege "physical loss of or damage to" its property because there was no physical alteration of its property. *Mudpie v. Travelers Cas. Ins. Co. of Am.*, __F.4th__ 2021 WL 4486509, Case: 20-16858 (9th Cir. Oct. 1, 2021).

*Dakota Ventures LLC v. Oregon Mut. Ins. Co.*, No. 3-20-cv-00630-HZ, 2021 WL 3572657, at *6 (D. Or. Aug. 11, 2021).

In *Dakota Ventures LLC*, Chief Judge Hernández applied the framework for interpreting insurance contracts under Oregon law from *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or. 464, 469 (1992) and found that:

> the plain meaning of the phrase "direct physical loss of or damage to property" is direct (without intervening space or time) physical (of or relating to natural or material things) loss of (the act or fact of losing) or damage (injury or harm) to property. The plain meaning of those terms requires a Covered Cause of Loss to directly cause property to be lost or physically damaged for coverage to exist. *Id.* at *6.

Additionally, the insurance provisions Plaintiffs claim coverage under are the same as those the plaintiffs in *Dakota Ventures LLC* sought coverage under—business income, extra expense, and civil authority coverage. *Id.* at *2.

In *North Pacific Management, Inc. v. Liberty Mutual Fire Ins. Co.*, Chief Judge Hernández ruled that plaintiff's allegations—which are identical to those made by the Plaintiffs here—are "conclusory allegations that they suffered direct physical loss or damage [and] are insufficient to state a claim." *Compare*, No. 3:21-cv-00404-HZ, 2021 WL 4073278, at *6 (D. Or. Sept. 7, 2021) *with* Compl. [ECF 1] ¶¶ 13–16.

Therefore, adopting Chief Judge Hernández's reasoning and legal analysis from *Dakota Ventures LLC* and *North Pacific Management, Inc.*, I GRANT Defendant's Motion to Dismiss [ECF 8]. Further, because Plaintiffs fail to demonstrate that their loss falls within the policy's grant of coverage, the Court does not have to find whether the virus exclusion applies. *N. Pac. Mgmt., Inc.*, 2021 WL 4073278, at *6.

Because the Court finds that Plaintiffs' complaint cannot be amended to plausibly allege a claim under the terms of the policy, the Court denies leave to amend. *Wheeler v. City of Santa*

*Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if amendment would be futile[.]")

## CONCLUSION

Therefore, I GRANT Defendant Hartford Fire Company's Motion to Dismiss [ECF 8] and dismiss this case with prejudice.

IT IS SO ORDERED.

DATED this _16th_ day of October, 2021.

MICHAEL W. MOSMAN
United States District Judge